UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

|  |  |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) Action No. 5:15-CV-300-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| VICTOR HAZARD, in his | ) **AND ORDER** |
| official capacity as | ) |
| Associate Vice President for | ) |
| Student Affairs and | ) |
| Dean of Students, | ) |
| University of | ) |
| Kentucky | ) |
| | ) |
| DENISE B. SIMPSON, in her | ) |
| individual capacity and | ) |
| official capacity as | ) |
| Director of the Office of | ) |
| Student Conduct, University | ) |
| Of Kentucky | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Pending before the Court is Plaintiff's Motion for Preliminary Injunction [DE 3] and Supplemental Motion for Preliminary Injunction [DE 15], Defendants' Motion to Dismiss [DE 25], Defendants' Motion for Abstention [DE 26], and Defendants' Motion to Consolidate Cases [DE 37][1]. Having reviewed the motions,

---

[1] Defendants have moved to consolidate this action and the case styled *Jane Doe v. University of Kentucky*, Case No. 5:15-cv-296, also pending before the Court. Because the cases involve two different factual situations, the Court declines

responses, and replies, and being otherwise adequately advised, the Court concludes that it is precluded from adjudicating this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) for the reasons set forth below. The Court further finds that Defendant, Denise B. Simpson, is entitled to qualified immunity, and, therefore, Plaintiff's claims for monetary relief against Simpson must be dismissed as discussed below.

I.

The claims of Plaintiff, John Doe ("Doe"), asserted herein, including his request for injunctive relief, arise out of a student disciplinary hearing brought against Doe by the University of Kentucky ("UK" or the "University"). As the Court understands, a complaint was lodged with the UK Office of Student Conduct ("OSC") by an unidentified individual alleging that Doe, who at the time was enrolled at UK, had engaged in certain sexual activities with Student A, a female student who was also enrolled at UK. Upon learning of these allegations, as required by Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88, UK initiated an investigation to determine if the allegations against Doe were supported by reasonable suspicion. Having determined that they were, UK then initiated a student disciplinary proceeding against Doe for a violation of the University Administrative Regulations

---

to consolidate the cases. Regardless, Defendant's Motion to Consolidate [DE 37] is rendered moot by virtue of this Order.

§ 6.2—Policy on Sexual Assault, Stalking, and Relationship Violence.

An initial student disciplinary hearing occurred on or about October 7, 2014, in which the Hearing Panel found that Doe had violated the Code of Student Conduct and assessed a one-year suspension of Doe. [DE 1 at ¶22; DE 3-1 at 6]. Doe appealed the October 7, 2014 ruling to the University Appeals Board (the "UAB"), and on December 2, 2014, the UAB reversed the Hearing Panel's October 7, 2014 ruling. [DE 1 at ¶23]. The UAB found that UK had violated Doe's due process rights and the Code of Student Conduct, including by Defendant Simpson's withholding of critical evidence and witness questions from the Hearing Panel, and determined that a new hearing was compelled. [DE 5-1].

On April 7, 2015, a second hearing was held, and on April 9, 2015, the Hearing Panel issued a second ruling, finding again that Plaintiff had violated the sexual misconduct policy. [DE 1 at ¶24; 3-1 at 7]. This time, the Hearing Panel issued a five-year suspension. *Id.* Doe appealed to the UAB, and on May 27, 2015, the UAB again found due process errors with the hearing, including Defendants improperly letting the OSC (rather than the Hearing Panel) decide to partition Doe and his advisors from Student A, improperly denying Doe the "supplemental proceeding" described in Article II, § 34(k) of the Student Code, and finding *ex parte* communications were made between Student A, Defendant Simpson, and

3

the hearing panel with respect to sanctions. [DE 1 at ¶¶25-27; 5-2]. The UAB set aside the Hearing Panel's ruling and returned the matter to the OSC for further consideration. *Id*.

The OSC scheduled a third hearing to occur on October 9, 2015. On October 6, 2015, Doe filed this action seeking to enjoin Defendants from conducting the third hearing based on alleged constitutional flaws in the University's policies and procedures that govern sexual misconduct hearings and asserting due process and equal protection claims under the U.S. Constitution and federal laws, specifically, 42 U.S.C. §§ 1983 and 1988, and Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 *et seq*.[2] Plaintiff alleges that the third hearing will suffer from the same constitutional deficiencies as the two prior hearings.

In their response to Plaintiff's Motion and Supplemental Motion for Preliminary Injunction, Defendants represent that any constitutional deficiencies in the disciplinary process will be cured during the third hearing by the following: Doe will receive a new Hearing Panel consisting of three independent persons; a Hearing Officer, namely, Professor of Law Robert G. Lawson, will oversee the proceeding, including the decision to partition witnesses, and rule on all questions of substantive, evidentiary

---

[2] Doe also filed a motion for Temporary Restraining Order ("TRO") which came on for a hearing before this Court on October 8, 2015. At that hearing, UK announced that it would cancel the third student conduct hearing scheduled for October 9, 2015 and reconvene a new hearing panel for a later date. For this reason, the Court denied Doe's Motion for TRO as moot.

4

or procedural law but will not vote with the Hearing Panel; Doe will have the assistance of legal counsel (although counsel may not make arguments or examine witnesses); if Student A testifies, as Defendants believe she will, Doe will have the opportunity to cross-examine her by submitting questions to the Hearing Officer, who will ask the questions; Doe will be permitted to call his own witnesses, present relevant evidence, and to offer any defense including an affirmative defense of personal incapacitation; at the close of the proof, the Hearing Panel will deliberate and fill out a verdict form prepared by the Hearing Officer; Doe's alleged violation must be proven by a preponderance of the evidence standard; and, if dissatisfied with the hearing procedure and/or result, Doe will be permitted to appeal to an independent tribunal.

II.

Defendants argue in their Response to Plaintiff's Motion for Preliminary Injunction [DE 24] and Motion for Abstention [DE 26] that, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), this Court must abstain from hearing this case. For the reasons set forth below, the Court agrees.

Stated generally, *Younger* abstention is a legal doctrine that warrants against federal court interference with pending state judicial proceedings absent extraordinary circumstances. The *Younger* doctrine is based on principles of equity and comity, including "a proper respect for state functions, a recognition of

5

the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44. Pursuant to *Younger*, this Court should abstain where "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Habich v. City of Dearborn,* 331 F.3d 524, 530 (6th Cir. 2003); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

It is undisputed that there is a pending student disciplinary proceeding between Doe and UK, however, the Court must determine whether the pending disciplinary proceeding constitutes a "state proceeding" as contemplated by *Younger* and its progeny. Although the *Younger* doctrine arose as a suit to enjoin a pending state criminal proceeding, it has expanded substantially, including to civil actions. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)(holding that *Younger* applied to the state of Ohio's efforts to shut down a theatre showing pornographic films through a pending civil action in state court because the proceeding was "in aid of and closely related to [the State's] criminal statutes"). The Supreme Court has also held that *Younger* applies to state

6

administrative proceedings if "important state interests are vindicated, so long as in the course of these proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc*. 477 U.S. 619, 627 (1976)(holding that the district court erred in failing to apply *Younger* abstention to a complaint seeing to enjoin a pending state administrative proceeding involving gender-based employment discrimination); *see also Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982)(affirming the denial of a federal injunction against state bar disciplinary proceedings based, in part, on the close relationship between lawyer disciplinary proceedings and the supervisory role played by the state courts).

In *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)("*NOPSI*"), the Supreme Court clarified the categories of proceedings to which the *Younger* abstention doctrine applies: (1) state criminal proceedings, (2) state civil proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform their judicial functions. Recently, the Supreme Court confirmed that *Younger* applies to the categories of cases identified in *NOPSI*, but, citing *Middlesex*, *Huffman*, and *Dayton Christian Schools,* also clarified that the second category involves state enforcement actions that are "akin to criminal

7

prosecutions" in "important respects." *Sprint Communications, Inc. v. Jacobs,* 134 S.Ct. 584 (2013). These enforcement proceedings are "characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." *Id.* The Court found this to be true in *Middlesex* and *Dayton*, but not in *Sprint*, which involved an Iowa Utility Board proceeding regarding whether Iowa could regulate Voice over Internet Protocol (VoIP) calls, because the proceeding was initiated by a private corporation and no state entity was seeking to sanction Spring for wrongful conduct. *Id.*

Doe argues that the student disciplinary proceeding he is subject to is not one the three types of "state proceedings" that invoke *Younger.* The Court disagrees. Like the state bar disciplinary hearing in *Middlesex* and the state-initiated civil rights commission hearing in *Dayton Christian Schools*, the UK disciplinary hearing involving Doe is akin to a criminal prosecution and resembles the state enforcement actions the Supreme Court has found appropriate for *Younger* abstention. Furthermore, the Sixth Circuit has held that "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied." *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n,* 925 F.2d 962, 969 (6th Cir.1991) (citation omitted).

8

UK, an arm of the Commonwealth of Kentucky, initiated the investigation and enforcement action against Doe, and there are many procedures incorporated into the UK disciplinary system that are akin to a criminal prosecution. As discussed above, upon notice of an allegation of sexual misconduct by a student, the OSC conducts an investigation and, if the allegations are supported by reasonable suspicion, initiates a disciplinary proceeding. The accused receives notice of the charges, a hearing before an independent fact-finding panel, the assistance of an attorney or advisor, the opportunity to cross-examine witnesses, the opportunity to call witnesses and present relevant evidence to advocate a defense. If the student is found to be in violation of the Code of Student Conduct, he or she is subject to sanctions, including suspension or expulsion from the University, and permitted an appeal to an independent tribunal. Although not addressed by the Sixth Circuit, the Ninth Circuit has held that where legal representation at a hearing is present and tangible sanctions may be imposed, the adjudicatory hearing is both "quasi-judicial" and "quasi-criminal" and that *Younger* applies. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 616-18 (9th Cir. 2003).

Continuing in the analysis, there can be no doubt that the second factor, whether the "proceedings implicate important state interests," is met. The University has an immense and vital

9

interest in eliminating prohibited sexual misconduct on its campus. The University also has an immense and vital interest in establishing a fair and just disciplinary system to administer the Code of Student Conduct that applies to its students to prevent such conduct.

The third element under *Younger* requires the Court to determine whether Doe is afforded an adequate opportunity to raise his constitutional challenges in the University proceeding. *Middlesex,* 457 U.S. at 435. According to the University policy, following the third hearing, Doe has the option of appealing his decision to an appeals board (either the UAB or the "Sexual Misconduct Appeals Board") to present any constitutional challenges. Therefore, we find the third element of *Younger* is met.

Having determined that the three requirements for *Younger* abstention are met, the Court must abstain unless Doe can show that one of the limited exceptions to *Younger* applies, that is, the disciplinary proceeding was brought in bad faith or with the purpose of harassment or that the underlying statute or policy is flagrantly unconstitutional. *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). Doe argues that bad faith, harassment and flagrant unconstitutionality are all present here, and therefore, this Court may not abstain under *Younger*.

The Court finds that Doe has put forth no evidence to demonstrate bad faith or harassment by Defendants other than bare assertions that the University is using Doe as an example. As stated above, when a complaint was lodged in the OSC alleging that Doe had engaged in sexual misconduct, Defendants were required by federal law to investigate the allegations made against Doe, and furthermore, upon concluding that the allegations were supported by reasonable suspicion, to initiate a hearing proceeding against Doe. Moreover, Doe's argument that UK's sexual misconduct policy is flagrantly unconstitutional because it does not define "too intoxicated" and fails to consider an accused *mens rea* and mistaken belief as to another's capacity to consent is insufficient to invoke an exception under *Younger*. *Younger* and its companion cases requires the statute to be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger v. Harris,* 401 U.S. 37, 53-54 (1971)(citing *Watson v. Buck,* 313 U.S. 387, 402 (1941)). We find that the Sexual Misconduct Policy at issue does not fall within this narrow exception to the *Younger* doctrine.

In summary, *Younger* abstention is a means by which the federal courts, as a matter of comity, refrain from acting so as not to "unduly interfere with the legitimate activities of the States." *Id.* at 44. Here, the Court finds that all requirements for *Younger*

11

abstention are met in this case, and that Plaintiff has not shown that any of the exceptions apply. Under our system of judicial federalism, it would be inappropriate for the Court to interfere with the University's disciplinary system, and, therefore, the Court will dismiss Doe's claims for equitable relief without prejudice. *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013); *Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 205-06 (6th Cir. 2001).

With respect to Doe's remaining claims for monetary relief against Defendant Simpson[3] in her individual capacity, the appropriate action based on *Younger* abstention is to stay rather than dismiss these claims. *Meyers*, 23 F. App'x at 205-06. However, because the Court finds that Defendant Simpson is entitled to qualified immunity as raised in Defendants' Motion to Dismiss, the claims asserted against Simpson in her individual capacity will be dismissed with prejudice. Immunity questions are to be resolved at the earliest possible stage in litigation. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Generally, government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[3] Simpson was the Director of the Office of Student Conduct at the University at the time of the incident between Doe and Student A, and, as the Court understands, continues in that role.

12

known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231.

In determining whether an official is entitled to qualified immunity, the Court must engage in a two-part analysis. *Id*. The first prong requires the Court to determine whether the facts that the plaintiff has alleged make out a violation of a constitutional right. *Id*. The second prong requires the Court to determine whether the constitutional right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id*. For the right to be "clearly established," it "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right," or in other words, "the unlawfulness must be apparent" in light of "pre-existing law." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). In determining whether a constitutional right is clearly establish, the Court must "'look first to decisions of the Supreme Court, then to decisions of this court and other courts within our circuit, and finally to decisions of other circuits.'" *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005)(*quoting Daugherty v. Campbell*, 935 F.2d 780, 784

(6th Cir. 1991)). The plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity, *O'Malley v. Flint*, 652 F.3d 662, 667 (6th Cir. 2011), and the Court may consider the prongs of the two-part test in any order. *Pearson*, 555 U.S. at 236.

Doe asserts that Simpson violated his constitutional rights by not deferring to the first Hearing Panel with respect to whether certain information and questions were relevant, by deciding to use the screening partitions rather than allowing the second Hearing Panel to make that determination, and by engaging in *ex parte* communications with the second Hearing Panel and Student A. Assuming Doe has alleged conduct on the part of Simpson that violated his due process rights, Doe, who bears the burden of proving that Simpson is not entitled to qualified immunity, has not identified any binding law that "squarely governs" the case in terms of the constitutionality of the alleged conduct. *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004); *see also Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005). The Court also finds no binding case law that any of Simpson's alleged conduct violated a clearly established constitutional right. For this reason, the Court finds that Doe has not met his burden regarding qualified immunity, that is, that a reasonable official in Simpson's position at the time of the events in question would have had fair warning that their conduct was unconstitutional.

14

Federal law defines the requirements of due process, not state law, therefore, an alleged violation of the University's procedures does not, in and of itself, implicate denial of due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *JiQiang Xu v. Michigan State Univ.*, 195 F. App'x 452, 457 (6th Cir. 2006). Nevertheless, and most importantly, even if Plaintiff had adequately alleged a violation of a clearly established right, Simpson's alleged due process errors are corrected by the new procedures and process that UK has put in place for Doe's third hearing. For these reasons, the Court finds that Defendant Simpson is entitled to qualified immunity and that the legal claims asserted against her must be dismissed with prejudice.

### III.

Accordingly, for all of the reasons stated above, it is **ORDERED,**

(1) That Defendants' Motion for Abstention [DE 26] is **GRANTED**;

(2) That Plaintiff's Motion for Preliminary Injunction [DE 3] and Supplemental Motion for Preliminary Injunction [DE 15] are **DENIED,** and **DISMISSED WITHOUT PREJUDICE**;

(3) That Defendants' Motion to Dismiss [DE 25] is **GRANTED**

15

**IN PART** with respect to Plaintiff's monetary claims against Defendant Simpson and **DENIED AS MOOT IN PART** with respect to Plaintiff's claims for equitable relief;

(4)  That Plaintiff's claims for monetary relief against Defendant Simpson are **DISMISSED WITH PREJUDICE**;

(5)  That Plaintiff's Motion to Consolidate Cases [DE 37] is **DENIED AS MOOT**; and

(6)  This action is **STRICKEN** from the active docket of this Court.

This the 15th day of January, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge